In the Matter of IRVIN HUSIN, an Attorney, Respondent.

First Department, December 15, 1933.

*John McKim Minton, Jr.*, of counsel [*Einar Chrystie*, attorney], for the petitioner.

*William L. Wemple*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, Second Department, on April 3, 1928.

By the petition herein he is charged with professional misconduct in that he converted to his own use the sum of $300 deposited with him in escrow.

The respondent answered and the matter was sent to a referee, with instructions to take testimony with respect to the charge and report the same to this court, together with his opinion thereon. The learned referee has duly reported, finding the respondent

guilty as charged. The matter now comes before this court upon motion of the petitioner that the report of the referee be confirmed and that such action be taken as may be just and proper.

There is no dispute concerning the facts. They are as follows: In November, 1931, William Szidon sold his butcher shop, located at 414 Rogers avenue, Brooklyn, to Nathan L. Lohn. The respondent acted as attorney for the purchaser in the transaction. Three hundred dollars of the purchase price was deposited with respondent in escrow as a guaranty that all the debts owing by Szidon in connection with the business would be paid. The respondent agreed to pay over this money to Szidon upon his production of receipted bills showing that all of the debts had been paid. The $300 so received the respondent deposited in his account on November 14, 1931. About two weeks later, upon the representation of Szidon that he had paid all his creditors, the respondent gave him his check dated two or three days ahead. The check was deposited November 30, 1931, and was returned December 1, 1931, with notation of "insufficient funds." Szidon complained to the Bar Association, and the latter wrote the respondent regarding the matter on December 3, 1931. The respondent did not answer this letter and another letter was sent him by the Bar Association on December 8, 1931. On or about December fifteenth respondent paid Szidon the sum of $300 in cash.

In an effort to avoid a disciplinary proceeding, the respondent made two explanations to the Bar Association.

To the letter of the Bar Association of December 8, 1931, the respondent replied under date of December 9, 1931, to the effect that the presentation of a note of respondent had so depleted his bank account that the account was short when the check was presented. This explanation the respondent, upon the hearing, admitted was not true.

On December 31, 1931, the respondent again wrote the Bar Association stating that he wished to correct his earlier statement about the note, and giving as the reason for the non-payment of the check that a check for $900, which the respondent had deposited in his bank on December 2, 1931, was returned unpaid. In this letter the respondent stated that he originally received the $300 in cash and kept it in his safe. This latter statement was untrue, as the $300 was paid to the respondent by a check which he indorsed and deposited in his bank.

The learned referee has found, however, that the respondent did not intend permanently to appropriate for his own account the money placed in escrow with him. Apparently, he used it with the reasonable expectation of being able to repay it upon demand.

Apparently, also, complaint was made to the Bar Association immediately upon the return unpaid of respondent's check and without an opportunity having been afforded the respondent to adjust the matter.

Respondent should be suspended for one year, with leave to apply for reinstatement after the expiration of that period upon proof of compliance with the conditions to be incorporated in the order.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent suspended for one year.